Case No.: 24-30703

# Fifth Circuit Court of Appeals

Elijah Neal, pro-se

**v.**

Felipe Martinez, jr.,
warden FCI Oakdale

On appeal from Western District of Louisiana

Elijah Neal's initial brief in support of appeal



U.S. COURT OF APPEALS
RECEIVED
JAN 17 2025
FIFTH CIRCUIT



## Certificate of interested parties

The undersigned certifies that the following parties and entities have an interest in the outcome of this case. This is being provided to aid the judges of this court to identify any disqualifications or recusals.

Elijah Neal

Felipe Martinez, jr.

U.S. Attorney Shannon Brown

U.S. Attorney Brandon Brown

*Elijah Neal* 1/13/25
Elijah Neal, pro-se

## Waiver of oral argument

The issues on appeal are quite simple. The district court clearly erred by ignoring the existence of D.C. Code § 24-403.01b and relying solely on BOP program statement 5410.01 to allow the BOP to categorically exclude D.C. code prisoners from earning time credits. Oral argument is not needed for the court to reach this same conclusion.

# Table of Contents

Certificate of interested parties          i

Waiver of oral argument                    ii

Table of Contents                          iii

Table of authorities                       iv

Jurisdiction                               1

Questions presented                        1

Question preserved                         1

Summary                                    2

Argument                                   2

D.C. Code § 24-403.01b                     3

Analagous Offense                          4

Conclusion                                 4

Certificate of service                     5

# Table of Authorities

**Case law:**

United States v. Agofsky    4
    458 F.3d 369 (5th Cir. 2006)

United States v. Gibson    4
    820 F.2d 692 (5th Cir. 1987)

United States v. Simmons    4
    2022 U.S. Dist LEXIS 79289 (D.DC May 2, 2022)


**Statutes:**

18 U.S.C. 2113    1

18 U.S.C. 3632(d)(4)(D)    4

18 U.S.C. 922(g)    4

28 U.S.C. 1291    1

28 U.S.C. 2241    1

D.C. Code 22-4503    1,2,4

D.C. Code 24-403.01b    1,3


**BOP Program Statements:**

5410.01    2,4

Comes now Elijah Neal, pro -se, and files this initial brief in support of appeal in the previously captioned case.

## Jurisdiction

Elijah Neal is challenging the execution of his sentence, specifically the determination by the BOP that he is ineligible to earn time credits under the First Step Act and D.C. Code's First Step Act parity in time credits act. The district court has jurisdiction to entertain such a challenge under 28 U.S.C 2241.

Neal now appeals the district court's erroneous denial of his habeas petition. Neal timely filed notice of appeal in the district court on November 6, 2024, within the allowable timeframe after the denial was entered on October 15, 2024. The Fifth Circuit Court of Appeals has jurisdiction of this appeal under 28 U.S.C. 1291.

## Questions Presented

1. Does the BOP's categorical denial of FSA time credits for D.C. Code prisoners comply with D.C. Code § 24-403.01b?

2. Is Elijah Neal's prior conviction under DC. Code § 22-4503 analagous to an ineligible federal offense?

## Question Preserved

1. Is it appropriate to aggregate consecutive sentences that were imposed in different jurisdictions at different times to determine eligibility for time credits under the FSA?

Neal maintains that the BOP policy of aggregating sentences from different jurisdictions is inappropriate in the context of FSA eligibility. However, it is not necessary to reach this question for Neal to prevail on this appeal.

Should the court wish to entertain this question, Neal is fully prepared to provide additional brifing on this topic.

## Summary

On October 27, 2007, Elijah Neal was sentenced by D.C. Superior Court to 24 months in prison for a violation of D.C. Code § 22-4503. While serving the sentence imposed, Neal was subsequently sentenced to consecutive prison sentences for a supervised release violation and, on June 7, 2011, in the District of Maryland to 235 months in prison for a federal violation of 18 U.S.C. 2113. Neal is currently serving his sentence at FCI Oakdale in Louisiana. Neal has maintained good behavior and actively participated in a variety of beneficial programs throughout his prison term.

The bureau of Prisons has declared Neal is ineligible to earn time credits for any of his program participation, however, based solely on his 2007 conviction for a D.C. Code offense. BOP Program Statement 5410.01 categorically excludes D.C. prisoners from earning time credits "unless and until the D.C. Council" allows them. Neal filed a habeas petition in the western district of Louisiana after exhausting his administrative remedies challenging his eligibility based on the aggregation of his sentence. While Neal's administrative remedy was being pursued, D.C. Council did pass a bill allowing D.C. prisoners to earn time credits in the same fashion as federal prisoners. This new law did not, however, change the BOP's position regarding D.C. prisoners. On October 15, 2024 the district court sided with Warden Martinez and denied Neal's petition while relying solely on BOP program statement 5410.01 and ignoring the provision of D.C. law that authorized time credits. This appeal follows.

## Argument

As an initial matter, at no point has there been any dispute that the

federal portion of Neal's sentence is eligible to earn time credits under the FSA. Unless this court wishes to address the issue of aggregate sentences and the relationship to eligibility under the FSA, for the purposes of this appeal, Neal will stipulate that his current sentence includes his D.C. Code offense conviction.

## D.C. Code § 24-403.01b

On April 21, 2023 the "Corrections Oversight Improvement Omnibus Ammendment Act of 2022" became effective after Congressional review, This act established 24-403.01b - First Step Act parity in earned credits. 24-403.01b(a) states:

> "Any person who has been convicted of a felony offense under District law and successfully completes evidence-based recidivism reduction programming or productive activities, except for those persons determined to be ineligible by the Department of Corrections or Bureau of Prisons because of their conviction for a District offense analagous to an ineligible federal offense, shall earn time credits as follows:"

It is difficult to understand how that particular provision of law can be read to support a complete exclusion of all D.C. prisoners from the earning of time credits. In Warden Marinez's return, he argued that "the BOP simply implements the sentence imposed and does not credit a District of Columbia inmate's sentence for time not prescribed by that jurisdiction." That return was filed in the district court on October 20, 2023, six months after the D.C. Council prescribed time credits for D.C. prisoners who are not serving sentences for convictions that are analagous to ineligible federal offenses. The district court obviously erred in adopting warden Martinez's position over Neal's objection.

Since Neal has established that a categorical denial of time credits for D.C. prisoners does not comply with the law, it must now be determined if his D.C. conviction is analagous to a federal offense that is ineligible to earn time credits.

## Analagous Offense

Neal's 2007 conviction in D.C. Superior Court is for a violation of 22-4503- Unlawful possession of a firearm. This particular D.C. Code offense is not only analogous to a federal offense under 18 U.S.C. §922(g), it is for all pracical purposes identical. When the two offenses are compared, the only actual difference in them is that offenses under 922(g) require that the firearm being unlawfully possessed must have travelled in interstate commerse. Since there are actually no firearm manufacturers in D.C., it stands to reason that any D.C. offender who was charged under 22-4503 would have been equally guilty of a violation of 922(g). The differences in the two statutes is purely jurisdictional. See United States v. Simmons, 2022 U.S. Dist LEXIS 79289 (D.DC. May 2, 2022) Under Fifth Circuit preceident :[a] jurisdictional fact, while a prerequisite to prosecution under a particulat statute, is not itself an evil that Congress seeks to combat." United States v. Agofsky, 458 f.3d 369, 372 (5th Cir. July 28, 2006) Quoting United States v. Gibson, 820 F.2d 692 (5th Cir. 1987).

Turning to the exclusive list of ineligible federal offenses under the First Step Act found at 18 U.S.C. 3632(d)(4)(D), it is abundantly clear that offenses under 922(g) are eligible to earn time credits.

It is clear that Neal is not serving a sentence for an offense that is analogous to an ineligible federal offense. The district court erred by not engaging in any analysis of Neal's D.C. offense of conviction.

## Conclusion

This appeal is quite simple. The district court erred plainly by relying on BOP program statement 5410.01 to allow the BOP to categorically deny time credits to all D.C. prisoners. The district court further erred by not undergoing any analysis of Neal's D.C. offense to determine if it is analagous to an ineligible federal offense.

Therefore, Neal respectfully requests this court to reverse the erroneous denial of his habeas petition by the district court and to remand with istructions to grant Neal's petition and direct the BOP to correct Neal's eligibility to earn time credits and to calculate and apply the credits he is entitled to for his participation in programming from the enactment of the FSA to present.

Respectfully Submitted

*Elijah Neal* 1/13/25

Elijah Neal, pro-se

## certificate of service

I hereby certify under penalty of perjury that a copy of this brief has been served to warden Martinez through the U.S attorney by mailing a copy via postage prepaid First Class mail through the institution mail on: 1/13/25

U.S. Attorney
300 Fannin St. Suite 3201
Shreveport, LA 71101

*Elijah Neal*

Elijah Neal, pro-se

Elijah Neal #25700-016
Federal Correctional Institute
FCI Oakdale (1)
PO Box 5000
Oakdale, LA. 71463

SHREVEPORT LA 710
TUE 14 JAN 2025 PM

United States Court of Appeals 5th circuit
600 S. Maestri Place Suite 115
New Orleans LA 70130



